UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHARLES G. MADY,**

        **Plaintiff(s),**        **CASE NUMBER: 05-74832**
                                            **HONORABLE VICTORIA A. ROBERTS**

**v.**

**DEMITRIOS E. ATHANASIOUS, et al.,**

        **Defendant(s).**
_____/

**ORDER GRANTING DEFENDANT PHOTSIOS'
MOTION TO DISMISS**

This matter is before the Court on Defendant Thomas Photsios' Motion to Dismiss. Defendant's motion was filed on February 7, 2006. Plaintiff, appearing *pro se*, has not filed a response or requested an extension to do so. Therefore, the Court has reviewed the merits of Defendant's motions and concludes that, with regard to Plaintiff's claims of defamation (Count I), civil conspiracy (Count II), blackmail (Count IV) and false imprisonment (Count V), he accurately stated the law as applied to the facts in this matter. Defendant's motion to dismiss Counts I, II, IV and V is **GRANTED** for the reasons set forth in Defendant's brief.

The Court also grants Defendant's motion to dismiss Plaintiff's Racketeer Influenced Corrupt Organization Act ("RICO") claim, but on different grounds than those asserted by Defendant. RICO imposes criminal and civil liability on anyone who engages in certain "prohibited activities," identified in 18 U.S. C. §1962(a-d). Specifically, liability may be imposed on any person:

1

> 1) who uses or invests income derived "from a pattern of racketeering activity" to acquire an interest in or to operate an enterprise engaged in interstate commerce, §1962(a); 2) who acquires or maintains an interest in or control of such an enterprise "through a pattern of racketeering activity," §1962(b); 3) who, being employed by or associated with such an enterprise, conducts or participates in the conduct of its affairs through a pattern of racketeering activity," §1962(c); 4) or, finally, who conspires to violate the first three subsections of §1962, §1962(d).

*H.J. Inc. v Northwestern Bell Telephone Company,* 492 U.S. 229, 232-233 (1989).

Therefore, to state a claim under §1962(a-c) a plaintiff must plead:

> (1) that a defendant "person," (2) through the commission of predicate criminal acts which constitute a "pattern" of "racketeering activity", (3) directly or indirectly invests in, or maintains an interest in, or participates in, (4) an "enterprise", the activities of which, (5) affect interstate or foreign commerce.

*DeLorean v Cork Gully,* 118 B.R. 932, 940 (1990).

Plaintiff brings his claim under §1962(c). Defendant contends that the claim is insufficiently pled because Plaintiff failed to allege a "pattern of racketeering activity" or the requisite predicate acts. "'Racketeering activity' is defined in RICO [at 18 U.S.C. §1961(1)] to mean 'any act or threat involving' specified state-law crimes, any 'act' indictable under various specified federal statutes, and certain federal offenses." *H.J. Inc.,* 492 U.S. at 232. A pattern is at least two of the listed racketeering activities (otherwise called "predicate acts") within a 10-year period. 18 U.S.C. §1961(5).

When reviewing a Rule 12(b)(6) motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994); *see also Miller v Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Here, Plaintiff alleges

2

that Defendant (and his co-Defendants) "conducted or participated directly in the conduct of [the] enterprise's affairs through a pattern of racketeering, including multiple acts of extortion for over a year."  Complaint at ¶77.  Extortion is one of the recognized predicate acts, *see* 18 U.S.C. §1961(1), and Plaintiff alleges that it occurred multiple times over one year.  Construed liberally in Plaintiff's favor, these allegations adequately allege "the commission of predicate criminal acts which constitute a 'pattern' of 'racketeering activity.'"

     Plaintiff does not, however, adequately allege an "enterprise."  An "enterprise" is defined under RICO as "a group of persons associated together for a common purpose of engaging in a course of conduct."  *U.S. v Turkette,* 452 U.S. 576, 583 (1981).  "A properly pled RICO claim must cogently allege activity 'that would show ongoing, coordinated behavior among the defendants that would constitute an association-in-fact.'"  *Begala v PNC Bank*, 214 F.3d 776, 781 (6th Cir. 2000)(*quoting Frank v D'Ambrosi*, 4 f.3d 1378, 1386 (6th Cir. 1993)).  An "association-in-fact" enterprise can be proven by showing: "1) that the associated persons formed an ongoing organization, formal or informal; 2) that they functioned as a continuing unit; and 3) that the organization was separate from the pattern of racketeering activity."  *VanDenBroeck v Commonpoint Mortgage Co.,* 210 F.3d 696, 699 (6th Cir. 2000).  These elements "have been interpreted to require a certain amount of organizational structure which eliminates simple conspiracies from the Act's reach."  *Id.*  "That is, simply conspiring to commit a fraud is not enough to trigger the Act if the parties are not organized in a fashion that would enable them to function as a racketeering organization for other purposes."  *Id.*  "The '"hallmark of a RICO enterprise is its ability to exist apart from the pattern of

wrongdoing.'" *Id* (omitting citation).

Plaintiff does not make any allegations from which one could infer the requisite organizational structure, or that the alleged organization between Defendant Photsios and his co-Defendants exists independent of their alleged attempts to extort money from him.  He only alleges that Photsios and his co-Defendants collectively used threats and intimidation to induce him to pay money he allegedly owed to co-Defendant Demitrios Athanasious (who is otherwise known as "Jim Athens").  *See* Complaint at ¶¶9, 28, 29, 32, 59, 78.  These allegations are insufficient to state a RICO claim.  Therefore, Defendant Photsios' motion to dismiss Count III is **GRANTED**.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 1, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on August 1, 2006.

S/Carol A. Pinegar
Deputy Clerk